LUTHER C. WHITE and another *vs.* D. W. JOHNS, impleaded, etc.

March 8, 1878.

Note Before Signatures of Makers of a Bond—Alteration of Bond—When Material.—A note preceding the signatures of the makers of a bond, and stating that certain words have been inserted in the bond before the affixing of the signatures, is not a part of the bond itself. An alteration of a bond which enlarges the liability of the obligors is material, and avoids the bond.

This was an action upon a bond brought in the district court for McLeod county. The defendant alleged in his answer that the words "whereas, there is an unsettled account between L. C. White & Co. and said Theodore W. Keithly, as their agent," and the words "be found due on settling such account, or which shall," interlined and inserted in said bond, were so interlined and inserted "after the same was signed by this defendant, and without the knowledge or consent of this defendant in any manner whatever." The cause was referred to William Kilgore, Esq., to try and determine the issues and report a judgment thereon. The plaintiffs put in evidence on the trial a contract between them and the defendant Theodore W. Keithly, upon which the aforesaid bond was indorsed. The sixth clause of the said contract provided, among other things, as follows: "Said party of the second part agrees to account for and pay over to the said party of the first part, in the manner heretofore provided, the proceeds of all machines heretofore sold by him and not yet accounted for."

The plaintiffs objected to all testimony on behalf of the defendants tending to prove the alteration of and the non-existence of the note at the time the bond was, as alleged in the answer, executed, upon the ground that such evidence was not competent under the pleadings, as the defendants therein admitted that the interlineations were made and the note thereof made before the bond was signed. The objec-

tion was overruled and plaintiffs excepted. The referee found that the bond was materially altered, without the knowledge or consent of the defendants, as alleged in their answer; that the said bond was null and void by reason thereof, and therefore ordered judgment to be entered for the defendants. Defendants moved for a new trial before *McDonald*, J., at chambers, which motion was denied, and they thereupon appealed.

*W. E. Hale*, for appellant, argued that the answer admitted that the defendants signed the bond sued on, except that the interlineation was not in the bond at the time they signed it; that they thereby admitted that the note explaining the interlineation was there when they signed the bond, and that this note being a part of the bond, they could not be heard to deny that which the note admits and explains; that neither could the defendants deny the existence of the note at the time they executed the bond; and that in any event the alteration was not material.

*A. P. Fitch*, for respondent, argued that the note was no part of the bond, and being merely evidence could be explained by parol, (*Clifford* v. *Baesseman*, 41 Wis. 597,) and that the alteration was material and the bond, therefore, void. *Havens* v. *Humphrey*, 12 Minn. 298; *Dayton* v. *Buford*, 18 Minn. 126.

BERRY, J. As respects the defendant Johns, (the only party upon whom summons was served,) this is an action upon a bond executed by him and one Keithly, and written upon the back of a certain contract executed by Keithly and the plaintiffs.

The condition of the bond as it is set out in the complaint, and as it appeared in the instrument itself when it was put in evidence upon the trial, is as follows, viz.: "The condition of this obligation is such that, whereas, there is an unsettled account between said L. C. White & Co. and said Theodore W. Keithly, as their agent, if the above bounden Theodore W. Keithly shall pay unto the said L. C. White & Co. all moneys or indebtedness which shall be found due on settling said account, or which shall become due said L. C. White & Co. under and pursuant to the within contract, or which shall arise therefrom,

whether by note, open account, indorsement or otherwise, and shall well and truly perform in all respects the contract on which this obligation is indorsed, executed between the said Theodore W. Keithly and said L. C. White & Co., dated this twenty-seventh day of August, A. D. 1873, then this obligation shall be null and void, otherwise to remain in full force and effect."

Immediately after this condition, and above the signatures of the defendants, is the following:

"NOTE. The following words inserted above before signatures affixed:

"WHEREAS, There is an unsettled account between said L. C. White & Co. and said Theodore W. Keithly, as their agent, now be found due on settling such account, or which shall."

One of the defences set up in his answer by defendant Johns is that the bond had, without his consent, been materially altered after its execution by the insertion of the words: "Whereas, there is an unsettled account between said L. C. White & Co. and said Theodore W. Keithly, as their agent," and the words "be found due on settling such account, or which shall."

Although this note appears before the signatures of the makers of the bond, it is not a part of the bond proper, for it in no way enlarges, restricts, qualifies, explains, or in any manner or degree affects the meaning of that which precedes it. It is just what it purports to be, a mere note or memorandum, and is entitled to the same weight and effect as if it were written upon the back of the bond, or upon a separate paper attached to or referring to the bond. In other words, it is a simple admission, a piece of evidence. In order, then, to properly set up the alteration of the *bond*, it was not necessary to make any allegation with reference to the note; and as the note was valuable only as an admission—a piece of evidence—it was competent for the defendant Johns to confront it by evidence going to show that he never made it,

'and to do this it was obviously unnecessary for him to *plead*, that he never made it.

As to the matter of proof of the alteration of the bond there is competent evidence as respects the condition of the bond (as well as the note) sufficient to support the referee's finding that the alleged alterations were made without the knowledge or consent of the defendant. If the alterations were material, the bond, in accordance with a well settled rule of law, is void. If the alterations had the effect to enlarge the liability of the defendant Johns they were material, because they materially altered his agreement to his prejudice. That they did enlarge his liability is apparent.

We very much doubt if, without the alterations, the condition of the bond extended at all to the unsettled account *for the proceeds of all machines theretofore sold by Keithly, mentioned* in the sixth clause of the contract upon which the bond is indorsed. But, if it did, it is quite apparent, as is suggested by the court below, that it did not extend to the entire unsettled account between Keithly and L. C. White & Co., which, as appears from the exhibits in the case, embraced items other than the proceeds of machines sold. The further remark of the court below that, unless the design of the alteration was to increase the liability of the makers of the bond, it was entirely unnecessary, would seem to be not without force.

Order denying new trial affirmed.